WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity, et al., | No. CV-24-00141-TUC-RM |
| Plaintiffs, | **ORDER** |
| v. | |
| United States Bureau of Land Management and United States Fish and Wildlife Service, | |
| Defendants. | |

Pending before the Court is the parties' Joint Motion for Partial Stay of Proceedings. (Doc. 15.) For the following reasons, the Motion will be granted.

In their Amended Complaint, Plaintiffs assert five claims against the U.S. Bureau of Land Management ("BLM") and the U.S. Fish and Wildlife Service ("FWS") for violations of the Endangered Species Act ("ESA") arising from the authorization of livestock grazing on public allotments within the Agua Fria National Monument. (Doc. 14.) The four allotments referenced in Plaintiffs' third, fourth, and fifth claims are currently subject to reinitiated consultation between BLM and FWS in compliance with Section 7(a)(2) of the ESA. (Doc. 15 at 2-3.)[1] This consultation is anticipated to be completed by April 15, 2025. (*Id.* at 3; Doc. 15-1.)

In their Joint Motion for Partial Stay of Proceedings, the parties request a stay of

---

[1] Under Section 7(a)(2) of the ESA, federal agencies must work with expert wildlife agencies to ensure that "any action authorized, funded, or carried out by such agency" does not threaten the survival of endangered or threatened species or harm their designated critical habitats. 16 U.S.C. § 1536(a)(2), (4).

1  Plaintiffs' third, fourth, and fifth claims until April 30, 2025, or until the consultation is
2  completed, whichever occurs first, in order to allow BLM and FWS to complete their
3  consultation. (Doc. 15.) The parties state that they will proceed with litigating Plaintiffs'
4  first and second claims during this period. (*Id.*)
5       "[T]he power to stay proceedings is incidental to the power inherent in every court
6  to control the disposition of the causes on its docket with economy of time and effort for
7  itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In
8  evaluating whether to stay proceedings, a court must weigh "the competing interests
9  which will be affected," including:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).

     Having reviewed the Joint Motion, the Court finds that a limited stay of proceedings on claims three, four, and five is warranted. The requested stay is narrowly tailored and will not unfairly prejudice Plaintiffs, who can continue to pursue their first and second claims. Additionally, the parties assert that maintaining the status quo on the four allotments at issue during the consultation period will not result in harm. Granting the requested stay will also further judicial efficiency. As the parties point out, Plaintiffs have presented claims related to BLM's failure to reinitiate and complete consultation concerning the four specified allotments. Thus, allowing Defendants to finalize consultation will likely clarify or resolve issues related to claims three, four, and five; narrow the scope of litigation; and reduce the need for further Court involvement. Because staying claims three, four, and five will serve the interests of justice and judicial efficiency, the Court will grant the parties' requested stay.

**IT IS ORDERED** that the parties' Joint Motion for Partial Stay of Proceedings (Doc. 15) is **granted**. Proceedings on Plaintiffs' third, fourth, and fifth claims are **stayed** until **April 30, 2025**, or until consultation is completed, whichever occurs first.

**IT IS FURTHER ORDERED** that the parties shall file a joint status report within two weeks of the completion of consultations or by **April 30, 2025**, whichever occurs first.

Dated this 17th day of December, 2024.

_____
Honorable Rosemary Márquez
United States District Judge